**Renan Lima BARRERA, Petitioner,**

v.

**John ASHCROFT, Attorney**

Fed. R.App. P. 34(a)(2). Accordingly, we deny petitioner's request for oral argument.

General,* Respondent.

No. 02–71868.

Agency No. A74–806–476.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.**

Decided Aug. 20, 2003.

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

---

\* John Ashcroft, Attorney General, is substituted for the Immigration and Naturalization Service as the proper respondent. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM***

Renan Lima Barrera, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order affirming the immigration judge's ("IJ") decision denying Barrera's application for asylum and withholding of deportation. Because the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence factual determinations, *Tarubac v. INS,* 182 F.3d 1114, 1118 (9th Cir.1999), and we grant the petition for review.

Barrera contends that the IJ erred by finding that the persecution he suffered was not on account of his political opinion. This contention has merit.

The IJ erred when it concluded that Barrera did not suffer persecution based on the finding that Barrera's assailants were motivated primarily by Barrera's wealth and only secondarily by Barrera's political opinion. *See id.* at 1118–19 (holding the presence of a nonpolitical motive for persecution does not, without more, prove the absence of a political motive); *Borja v. INS,* 175 F.3d 732, 736 (9th Cir. 1999) (en banc) (acts motivated at least in part by an enumerated ground sufficient to establish past persecution on account of that ground). Because the treatment was motivated at least in part by an enumerated ground, Barrera established past persecution. *See Borja,* 175 F.3d at 736–37. Accordingly, we remand for further pro-

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ceedings consistent with *INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 356, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.